UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**JESUS C. GONZALEZ,**

        **Petitioner,**

    **v.**                                                   **Case No. 22-CV-1448**

**JASON BENZEL,**

        **Respondent.**

---

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

---

Jesus C. Gonzalez, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. However, he acknowledges that he has not exhausted all his claims in state court. Therefore, he asks the court to stay these proceedings and hold his petition in abeyance while he exhausts his remedies in state court. (ECF No. 2.) Specifically, he is awaiting the Wisconsin Supreme Court's decision on his petition for review.

"[S]tay and abeyance should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). If employed too frequently the stay and abeyance procedure would undermine Congress's goal of encouraging finality of state court judgments and streamlining federal habeas proceedings. *Id.* Thus, a stay is appropriate

only if the claim the petitioner seeks to present in the state court is not clearly meritless. *Id.* Additionally, there must have been good cause for the petitioner's failure to have earlier sought relief in state court. *Id.*

Gonzalez demonstrates that he has been diligently pursuing his claims. Moreover, absent a stay he will have only a few days in which to file a petition for a writ of habeas corpus in this court. Given restrictions on access to his institution's law library, he asserts that it may be very difficult for him to be sure he could file within that narrow window. (ECF No. 2 at 2.) Finally, based on the court's preliminary review of his unexhausted claims, the court cannot say that they are clearly meritless. Therefore, the court will grant his motion for a stay and abeyance.

However, to ensure that federal habeas cases proceed expeditiously, "district courts should place reasonable time limits on a petitioner's trip to state court and back." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Normally, a "brief interval" of 30 days to return to federal court after the exhaustion of state court remedies, is appropriate. *Id.*

**IT IS THEREFORE ORDERED** that Gonzalez's motion to stay these proceedings and hold his petition in abeyance (ECF No. 2) is **granted**. The Clerk shall administratively close this action.

**IT IS FURTHER ORDERED** that within **30 days** of exhausting his remedies in state court (or the expiration of time for seeking further review in state court) Gonzalez

shall advise this court whether he intends to proceed with his federal petition. **Failure to do so may result in dismissal of his petition.**

**IT IS FURTHER ORDERED** that if at any time Gonzalez determines he no longer wishes to pursue his federal petition he must promptly notify this court.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 20th day of December, 2022.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge